## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN BARTOS<br>2935 Pineview Dr.<br>Malvern, PA 19355 | : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No. _____ |
| v. | : <br> : | |
| SIGNATURE SYSTEMS, INC.<br>760 Veterans Circle<br>Warminster, PA 18974 | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby aver as follows:

### I. INTRODUCTION

1.     This action has been initiated by Christian Bartos (*hereinafter* "Plaintiff Skidmore") for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq.*) and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff asserts herein that he was not paid overtime compensation in accordance with the FLSA and PMWA. As a direct consequence of Defendant's actions, Plaintiff seeks damages as set forth herein.

### II. JURISDICTION AND VENUE

2.     This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.  PARTIES

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult individual, with an address as set forth in the above caption.

7.     Defendant Signature Systems, Inc. (hereinafter referred to as "Defendant") is a Pennsylvania-based, domestic profit company. Defendant is a privately held company generating in excess of $9,000,000.00 in gross revenues per year.

8.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.  FACTUAL BACKGROUND

9.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff was hired by Defendant in or about August of 2012 and has remained employed with Defendant for almost seven (7) years.

2

11.     Plaintiff was hired by Defendant as an Installation Technician and continues to be employed in this position.

12.     At all relevant times herein, Defendant, by and through its highest levels of management, has knowingly refused to pay its employees overtime compensation with direct knowledge that such refusal and/or failure is unlawful.  Instead, Defendant ostensibly determined over the course of several years that it is more profitable to pay its employees illegally despite periodic lawsuits for overtime violations.

13.     The federal (Eastern District of Pennsylvania) court docket alone, available to the general public, shows Defendant has been sued on at least 4 prior occasions for overtime violations in the same and/or similar roles in which Plaintiff worked. *See e.g. Patricelli v. Signature Systems, et. al.*, Docket No.: 13-01571; *Grahn v. Signature Systems, et. al.,* Docket No. 13-05629; *Banz v. Signature Systems et. al.,* Docket No. 13-06436; *Brian Bartos v. Signature Systems, Inc., et al.,* Docket No.: 18-2086.

14.     Plaintiff was hired at a starting salary of $28,000.00 per annum. In or about 2017, Plaintiff began earning $42,000.00 per annum and continued to be paid this salary until on or about June 3, 2019.[1]

15.     Plaintiff also received some commissions which added typically a few thousand dollars to his annualized income – making his salary more in the range of $50,000.00 to $60,000.00 per year (during the time period when his base salary was $42,000.00 per year).[2]

---

[1] On or about June 3, 2019, Plaintiff was switched from a salary to an hourly employee.

[2] For the purposes of calculating overtime, such commissions *are to be included* in the overtime rate. FLSA regulations are very clear that incentive plans, commissions, or non-discretionary bonuses *must* be included within the overtime calculations. *See* 29 C.F.R. § 778.200, 29 C.F.R. § 778.208 and 29 C.F.R. § 778.117.

16.     In almost every week Plaintiff has been employed with Defendant, he exceeded 40 hours per workweek.   In fact, Plaintiff often averages 50-80+ hour work-weeks for Defendant.

17.     At all times relevant herein, Plaintiff has never been compensated for any overtime while employed with Defendant.   Plaintiff has also never been given any form of additional compensation when he worked beyond 40 hours per workweek.

18.     The position of Installation Technician has and remains an entry-level job and requires no experience or degree.

19.     Defendant operates as a company that sells, installs and provides support for software, hardware and other electronics that are used in the hospitality industry. More specifically, Defendant helps third-party businesses establish, train on, and use what are often referred to as point-of-sale ("POS") tools and equipment. These types of computer devices for example would be what a customer would expect to see a cashier at a fast-food restaurant entering their orders into that would be thereafter disseminated to the kitchen (and used for sales transactions).

20.     As an Installation Technician, Plaintiff generally travels all over the United States as requested to different third-party sites, usually restaurant chains, and provide general on-site training, troubleshooting, and resolution to system errors.

21.     When meeting with third-party businesses, Plaintiff is able to perform general system demonstrations, to provide general training, and to help resolve general questions. However, for any in-depth or complex computer problem with the POS system, Plaintiff serves as a calming in-person buffer to illustrate Defendant's overall level of intended support while

4

Plaintiff himself is walked through different repairs or solutions by programmers, engineers or other high-level computer personnel working within Defendant's in-office support unit.

22.     When not providing general on-site training, troubleshooting, and resolution to system errors to various third-party sites, Defendant requires Plaintiff to physically work on Defendant's premises providing help-desk support (via phone or otherwise) to third-parties with questions, training needs, or other issues.

23.     Upon information and belief, Defendant's employees who perform help-desk support on a full-time basis are paid hourly and receive overtime pay for all hours worked over 40 hours in one week; however, Plaintiff has not been paid hourly or overtime compensation for work spent performing help-desk support.

24.     Plaintiff Bartos has previously questioned Defendant's management on numerous occasions why Defendant refuses to pay him overtime compensation despite the fact that he works well over 40 hours per week. Defendant has provided several responses to Plaintiff's aforesaid inquiries, including but not limited to (1) telling him he is a "computer professional" and therefore not entitled to overtime; (2) telling him he is insubordinate because he is questioning Defendant's payroll decisions; and (3) instructing him to tread lightly and stop questioning the direction management.

25.     Upon information and belief, Defendant has also previously documented in writing that the sole reason Installations Technicians were not paid overtime compensation was because Defendant classified them as a computer professionals.

26.     Defendant has knowingly and falsely asserted that Installations Technicians were exempt under the FLSA because:

> (a) The computer professional exemption under the FLSA is embodied in 29 U.S.C. § 213(a)(17).

(b) The 213(a)(17) exemption applies ***only to*** computer professionals who: (a) are for example engineers or programmers; and (b) have the "primary duty" of for example "programming," "design," creation of software testing specifications, and/or who alter computer operating systems.  Plaintiffs did not work in these capacities.

(c) 29 C.F.R. 541.3 outlines the required application of exemptions under 29 U.S.C. § 213(a) and explains that the professional exemption such as 213(a)(17) **does not** apply to any job where any employee learns duties through experience or on the job because the exemption requires "specialized intellectual instruction" through education in a specific field as a prerequisite to being able to perform the job (giving many examples of professions such as electricians who are not exempt because they learn on the job how to perform their role(s)).[3]

(d) People working for employers performing general information technology services, computer maintenance, or other help-desk work are not exempt under the FLSA.[4]

27.    Furthermore, the "computer professionals" exemption (outlined above under the FLSA) does not exist under state law; therefore, Defendant has conceded liability under the

---

[3] *See e.g. Bagwell v. Fla. Broadband, LLC*, 385 F. Supp. 2d 1316, 1328 (S.D. Fla. 2005)("Employees who qualify for the computer professional exemption are highly-skilled in computer systems analysis, programming, or related work in software functions" . . . [and] "before a particular position can qualify as one which climbs to the level of the professional exemption of section 213(a), the duties of that position **must call for a person who is in a learned profession with at least a college degree in a specialized type of learning**.")(Emphasis added).

[4] *See e.g. Siegel v. Bloomberg L.P.*, 2015 WL 223781, at *1 (S.D.N.Y. 2015)(granting summary judgment to IT employees providing computer support as they are non-exempt under the FLSA); *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 982 (W.D. Tenn. 2011)(Neither party asserting that "Installation Technicians" can possibly be exempt under the FLSA and court ordering trial on damages only); *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 576 (6th Cir. 2004)(requiring district court to grant summary judgment in favor of plaintiffs who were computer technicians and IT Support Specialists providing troubleshooting and doing computer maintenance because these duties are not exempt under the FLSA); *Berg v. United States*, 49 Fed. Cl. 459 (Fed. Cl. 2001)(electronics technicians who repair computer equipment are not exempt from overtime under the FLSA); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307 (D.N.J. 2006)(Collective action settlement on behalf of technicians working for Sears approved); *Pignataro v. Port Auth.*, 2006 U.S. Dist. LEXIS 5447 (D.N.J. 2006)(holding well-trained helicopter technicians are not exempt from the FLSA, granting summary judgment in favor of Plaintiff); *Davis v. Footbridge Eng'g Servs., LLC*, 2011 U.S. Dist. LEXIS 93645 (D. Mass. 2011)(employees performing technology services were not exempt under FLSA as they didn't meet computer exemption and thus Court approved class settlement); Richards v. Computer Scis. Corp., 2004 U.S. Dist. LEXIS 19638 (D. Conn. 2004)(certifying class action for help desk analysts as they are not exempt under FLSA).

PMWA by stating the sole reason Installation Technicians are not paid overtime is because they are considered "computer professionals."[5]

28.     Defendant has known for many years that there is no computer exemption from overtime compensation for employees under the PMWA but continued to intentionally mislead employees that they are somehow exempt from overtime.

29.     Defendant's knowing violations of state and federal laws are evidenced by: (a) past litigation; (b) attempts to mislead employees with a completely false exemption that does not even apply under state law; and (c) by Defendant's intentional failure to maintain any time-keeping records, punch-in or punch-out logs, or other data on minutes or hours worked by employees such as Plaintiff.[6]

30.     Based on the foregoing, Plaintiff believes and therefore avers that he is owed significant overtime compensation due to Defendant's willful violations of federal and state wage and hour laws.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Overtime Violations)

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the FLSA.

---

[5] *See e.g.* Pennsylvania Department of Labor Guidance, at http://www.dli.pa.gov/Individuals/Labor-Management-Relations/llc/minimum -wage/Pages/Overtime-Rules-in-Pennsylvania.aspx (explaining distinctions between the FLSA and PMWA: "For example, the Federal rules do not require overtime for computer employees. However, Pennsylvania law currently requires overtime for computer employees.").

[6] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004)

33.     At all times relevant herein, Plaintiff has been an "employee" within the meaning of the FLSA.

34.     The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

35.     At all times during his employment with Defendant, Plaintiff has been a "non-exempt" employee within the meaning of the FLSA.

36.     At all relevant times herein, Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rates of pay for each hour he worked over 40 each workweek.

37.     As a result of Defendant's failure to pay Plaintiff the overtime compensation due to him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Defendant's failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting overtime violations;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to past lost earnings and any other owed compensation for a period of three years;

      C.     Plaintiff is to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

      D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

      E.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

      F.     Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 13, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christian Bartos | : | CIVIL ACTION |
| v. | : | |
| Signature Systems, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

| | | |
|---|---|---|
| 6/13/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   2935 Pineview Drive, Malvern, PA 19355

Address of Defendant:   760 Veterans Circle, Warminster, PA 18974

Place of Accident, Incident or Transaction:   Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                              Yes ☐   No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?       Yes ☐   No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                             Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   6/13/2019                                         ARK2484 / 91538
                *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.     Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,   Ari R. Karpf                      , counsel of record *or pro se plaintiff, do hereby certify:*

☒   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE:   6/13/2019                                         ARK2484 / 91538
                *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BARTOS, CHRISTIAN

### DEFENDANTS

SIGNATURE SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)
Brief description of cause:
Violations of the FLSA and the Pennsylvania Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE   6/13/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

| Print | Save As... | Reset |